IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SHAPAT NABAYA,
        Plaintiff,

        vs.

BUREAU OF PRISONS, JOHN DOE (HEAD DENTIST),

JANE DOEM BROADNAK(DENTAL ASSIST).

DEMAND FOR A JURY TRIAL

Case No.

**8-19CV-215-L**

### CIVIL CLAIM FOR MANDATORY INJUNCTIVE RELIEF

### PURSUANT TO  CIVIL RULE 8 (a) (1) (2) (3).

### JURISDICTION OF THE COURT

The Honorable  Court has jurisdiction pursuant to 28 USC 1331. Plaintiff has standing pursuant to U.S. Constitution Article I, III, Sec. 2. Plaintiff is stating a claim for which relief can be GRANTED  pursant to Civil Rule 8(a)(1)(2)(3).  This Honorable Court  has Congressional power to enforce the Fourteenth Amendment and regulate commerce in order to address the discrimination of the Disabled. See ADA 42 USC 12101(b)(4). This Court has the power to restrain abuse from Defendant Bureau Of Prison, John Doe, and Jane Doe Broadnak, and discrimination when the Defendants wants to relocate Plaintiff to another Federal Correctional Institution for exercising his right to not be discriminated and abused by him filing a claim. BOP is very abusive in stopping Plaintiff's mail from going out, opening out going mail, and holding his mail so his wife does not receive it.

Comes now Shapat Nabaya, Plaintiff, DISABLED American Citizen, Pro se, to Move this Honorable Court to GRANT his civil claim for mandatory injunctive relief pursuant to Civil Rule 8(a)(1)(2)(3), U.S. Constitution Article I, III, Sec 2.

### FACTS

1) Plaintiff has been unlawfully detained at the Seagoville Federal Correctional Insti tution since April 2018, prior to that Plaintiff was detained at Allenwood FCI since March 2018.  Plaintiff has been held on a defective indictment that has no INJURY IN-FACT

1

filed against him by a victim.

2) Plaintiff is and was mistreated by dental staff. Hohn Doe wanted to pull one of Plaintiff's teeth without applying a numbing solution before applying a big needle .When Plain-had a tooth pulled by his private dentist such a solution was applied. Plaintiff did not have to suffer.

3) Jane Doe Broadnak had cleaned my teeth on Jan. 15, 2019. Jane Doe and I had a conversation about tooth extrations and about BOP procedures on pulling teeth. I asked her why doesn't BOP use the solution to numb inmates so they don't have to suffer. Do AND some TOMES She said sometimes they use it sometimes they don't. However, during the course of Defendant Broadnak cleaning Plaintiff's teeth she injured Plaintiff with the floss.

4) Court records reveals that Plaintiff was receiving dental care for his periodontal disease before he was unlawfully detained.

ARGUMENT

Plaintiff is unlawfully detained by Defendant BOP on a defective indictment that was signed by non attorneys, Jessica D. Aber and Garbielle M. Michalak. See Crim. Rule 7(c)(1)(2). Prosecuting attorneys Aber and Michalak never had standing to bring a claim, they never sought relief from the Sentencing Court. See Article I. There was no case or controversy in the case of UNITED STATES OF AMERICA vs. SHAPAT AHDAWAN NABAYA case no 3:17CR0003. Said parties never claim an INJURY IN-FACT. Because of this unlawful incarceration Plaintiff is unable to receive sufficient care from his private dentist. The Plaintiff have receding gums. Defendant BOP is discriminating and abusing the Plaintiff because he is over 60 years of age and disabled. See ADA 42 USC 12101 (a)(b)(4) and Hutton vs. National Board Of Examiners in Optometry Inc., 243 F. Supp. 3d 609,2017 U.S. Dist. Lexis 42008 (D. Md. Mar 22, 2017), for INJURY IN-FACT. Defendant BOP have a personal connection to Plaintiff's injuries.

Plaintiff's INJURY IN-FACT is connected to the actions of Defendant John Doe. Defendant Doe wanted to pull a tooth of Plaintiff but he denied Plaintiff the equal right to have a tooth extracted without pain and sufferring. Defendant John wanted to have Plaintiff screaming in pain. Defendant John and BOP receives federal funding to purchase numb-

2

ing solution and other needs for dental procedures . Defendant John's excuse for not having
that solution is discriminatory. Other inmates said they were given that solution. Defend-
ant John and BOP put the Plaintiff in further danger when they did not transfer his dental
x-ray records from Allenwood FCI to Seagoville FCI. BOP and Defendant John caused the
Plaintiff mental stress because they knew he did not won't his body exposed to more
x-rays. However, they made him do another  x-ray.  They have abused the DISABLED Plaintiff.

Defendant Jane Doe Broadnak's actions are connected to Plaintiff's INJURY IN-FACT.
Defendant Broadnak used dental floss as a weapon to saw Plaintiff's gum and she did  not
floss them. She  knew what she was doing and caused Plaintiff pain so he could complain
and she would have a reason to have a conflict with Plaintiff. When Plaintiff informed her
of the situation, she claimed that the Plaintiff has sentive gums. She wanted Plaintiff
to have a verbal conflict for no reason. Plaintiff did not engage in conflict. Instead
Plaintiff tried to obtain her correct name to address the matter with her supervisor.
At that point Defendant Broadnak threaten Plaintiff that she would get the Correction Lt.
Plaintiff welcomed that idea. When the Correction Lt. arrived  and saw it was Plaintiff,
he understood  that there were no breaches in security. That Plaintiff was compilant and
not a threat. The Correction Lt.assessed the matter and advised Plaintiff to handle his
matter administratively.

Plaintiff was receiving treatment for his periodontal disease before he was unlawfully
incarcerated. Defendant BOP has denied the Plaintiff a medical furlough twice. Defendant
BOP is violating Plaintiff's right to be free from cruel and unusual punishment. See
Eighth Amendment. Plaintiff gumes are receding and he is being punished while no INJURY
IN-FACT was filed against him. Defendant BOP is detaining Plaintiff on a defective indic-
ment and voided judgment that his been arrested. See Motion to arrest judgment. Said
indictment was never signed by U.S. Attorneys. See Exhibit A, Crim. Rules 6(d)(1), 7(c)
(1)(2), 9(a).

## JURISDICTION OF THE COURT

This Honorable Court has jurisdiction to rule on a defective indicment that violates
the U.S. Constitution Article I, III, Sec 2., Crim Rule 7(c)(1)(2), 6(d)(1), 9(a) and
52(b).                                        3

There is no conflict in this court protecting the Plaintiff's Constitutional rights. Plaintiff did bring a case and controversy to this court. As oppose to his criminal case, there were no case or controvesy. In the case of United States Of America vs. Shapat Ahdawan Nabaya case no. 3:17CR0003, the government attorneys did not: 1) prove that they were properly before the court with an oath and letter of appointment, 2) said non attorneys never proved they had standing under Art. I, 3) said non attorneys never proved that the Sentencing Court had subject matter jurisdiction under Art. III, Sec. 2, 4) the Sentencing Court never ruled on a Motion 29 7 days after the verdict, 5) the Sentencing Court lost jurisdiction to rule and that judgment has been arrested under Criminal Rule 9(a) and 34(a), and 6) the Plaintiff never entered a plea in the criminal case because he was denied his right to verify according to court records, who the injured party was what his/her losses were and how did Plaintiff's action cause them to be denied their Constitutional rights. Plaintiff was never presented with the victim's INJURY IN-FACT. The government attorneys have abandon their office by not responding to Plaintiff's motions and affidavits filed in the district court and appeals court in Virginia. This District Court For The Northern District Of Texas, Dallas Division has jurisdiction to rule on Plaintiff's Fourth and Fifth Amendment rights against and an unlawful detention that is not supported by an INJURY IN-FACT and his right to Procedural Due Process. Plaintiff is in the Northern District Of Texas, Dallas Division with no proof from an injured party in Texas or Virginia who has filed an INJURY IN-FACT against him. This court has the power to receive an INJURY IN-FACT from the U.S. District Court For The Eastern District Of Virginia, Richmond, Division and hold Plaintiff lawfully as a result of that INJURY IN-FACT statement. Otherwise, lacking that statement, this court

4

has jurisdiction to safeguard Plaintiff's rights under the Fourth and Fifth Amendments. A defective indictment that is attached to an <u>ARRESTED JUDGMENT</u> has no power in any U.S. District Court. <u>See Rule 34 (a) United States vs. Smith, 331 U.S. 469,473-474(1947) and United States vs. Marquez, 291 F.3d 23, 27-28 (D.C. Cir. 2002).</u> This Honorable Court has subject matter jurisdiction to release Plaintiff because no other court has or can provide this  court with proof of a case or controversy in any other U.S. Court. Plaintiff is protected under U.S. Constitution Article I, III, Sec. 2. This Honorable Court is vested with the power to  award  damages. Plaintiff has been suffering irreparable harm since his unlawful arrest and incarceration, Feb. 6, 2017.

STATEMENT OF CLAIM FOR WHICH RELIEF CAN BE GRANTED

PURSUANT TO CIVIL RULE  8(a)(1)(2)(3)

Plaintiff Shapat Nabaya seeks relief from an unlawful incarceration that is not supported by an <u>INJURY IN-FACT.</u> See Art. III, Sec. 2. Plaintiff seeks relief from abusive treatment by Defendants BOP and dental staff.Plaintiff did raise the issue  of using pure cranberry juice to save his teeth but that issue fell on deaf ears. Plantiff spoke to dental staff about selling pure cranberry juice to fight tooth decay and gum diease but that request was denied.Plaintiff was willing to purchase  it from commissary while he was here.

Plaintiff is depressed and mentally stressed out. Plaintiff is fustrated that the Fourth Circuit Court will not compel the U.S. District Court to respond to the affidavits and Motion 29 filed after the verdict. Plainitff is being denied his right to the Fifth Amendment of liberty. Plaintiff is being punished for exercising his First Amendment right to redress the government for grivances.

Plaintiff has filed a Motion For Compassionate Release under the First Step Act. Please review said motion.

5

## INJURY IN-FACT

### DAMAGES

The federal court requires that  a claim be $75,000 or more in order for it to have jurisdiction. Therefore, Shapat Nabaya Plaintiff, seeks damages for his unlawful incarceration, discrimination and abuse because he is <u>DISABLED</u>  and dental abuse and <u>ASSAULT</u> from Defendant BOP staff for the following:

### AWARD DAMAGES

Compensatory: $2,000,000 (TWO MILLION DOLLARS).

Punitive: $4,000,000 (FOUR MILLION DOLLARS).

Legal Fees: $100,000 (ONE HUNDRED THOUSAND DOLLARS).

### CONCLUSION

Wherefore, Shapat Nabaya, Plaintiff <u>DISABLED</u> American Citizen Pro se, PRAY that this Honorable  Court will GRANT his civil claim for injunctive relief based on his INJURY <u>IN-FACT</u> and no <u>INJURY IN-FACT</u> being filed on him from no other court or jurisdiction. See Crim. Rule 52 (b).

Shapat Nabaya
Reg. No. 90804083
Seagoville FCI
P.O. Box 9000
Seagoville, Tx 75159

JAN. 22 2019

6

## CERTIFIACATE OF SERVICE

I, Shapat Nabaya do certify that a copy of the Civil Claim For Injunctive Relief was mailed to:

Bureau Of Prisons
John Doe Perez
Jane Doe Braham
344 Marine Forces Drive
Grand Prairie, Tx 75051

U.S. District Court
1100 Commerce Street
Dallas, Tx 75242

Shapat Nabaya
JAN. 28, 2019

## AFFIDAVIT

I, Shapat Nabaya, do affirm that the statements in the Civil Claim For Injunctive Relief are true and correct to the best of my belief and understanding under the penalty of perjury.

Shapat Nabaya
JAN. 28, 2019

## AFFIDAVIT OF SERVICE

I, Shapat Nabaya, do affirm that a copy of the Civil Claim For Injunctive Relief was mailed by Certified Mail to the addresses below under penalty of perjury.

Bureau Of Prisons
John Doe Perez
Jane Doe Braham
344 Marine Forces Drive
Grand Prairie, Tx 75051
CERTIFIED MAIL #
 7017 3380 0000 7346 2593

U.S. District Court
1100 Commerce Street
Dallas, Tx 75242

CERTIFIED MAIL #

 7017 3380 0000 7346 2609
Shapat Nabaya
Reg. No. 90804083
FCI Seagoville
P.O. Box 9000
Seagoville, Tx 75159

JAN. 28, 2019

7

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    Plaintiff/Appellee,

    vs.                         Case No. 18-4134

SHAPAT AHDAWAN NABAYA,
    Defendant/Appellant.

## WRIT TO ARREST JUDGMENT PURSUANT TO CRIM RULE
### 9(a)(1)(2)(3), 34(a), 52(b) and 28 USC 2072(a).

Comes now Shapat Nabaya, Defendant/Appellant, American Citizen, Pro se, to move this Honorable Court to GRANT Appellant's writ to arrest judgment pursuant to Crim. Rules 9(a)(1)(2)(3), 34(a), 52(b) and 28 USC 2072(a).

### FACTS

1) Appellant has filed a Motion 29 that has not be ruled on.

2) The Sentencing Court never proved that the government attorneys were properly before the court with oaths, and letters of appointments.

3) The Sentencing Court never filed an injury in-fact statement for the victim.

4) Appellant repeatedly questioned the facts of the subject matter jurisdiction of the Sentencing Court.

5) To date, the Appellant's many affidavits have not be responded to.

6) Appellant has motioned to sanction and remove appeals counsel Alex F. Kochanoski for lack of proof that he is an attorney authorized to practice in the Fourth Circuit.

### ARGUMENT

Appellant has filed a Motion 29 before 7 days of the verdict. A Motion 29 has similar provisions of a Motion 33 or 34. The Sentencing Court didn't rule on the motion within 7 days. See 34(a). The Sentencing Court never had subject matter jurisdiction. The Sentencing Court lost jurisdiction when it did not respond to the Motion 29 within 7 days. See United States vs. Smith, 331 U.S. 469, 473-474 (1947). The Sentencing Court forfeited the power to act when it failed to fix a new time for filing a motion for a new trial within 7 days of the verdict. See United States vs. Marquez, 291 F. 3d 23, 27-28 (D.C. Cir. 2002).

1

The Sentencing Court has not produced a copy of Wally Stark's injury in-fact statement. See 28 USC 2072(a) and Crim. Rule 26.2(b). Appellant has not received in writing or an oral record that the Sentencing Court could detain Appellant without a factual basis. See Crim. Rule 9(a)(1)(2), 52(b) Said court nerver had jurisdiction. Appellant was prejudged by the Sentencing Court because it denied the Appellant his Fifth Amendment right of Procedural Process when it charged him for a crime that he never understood. He never understood the charges or who was the actual victim seeking the lower court's relief. He didn't understand the lost the victim suffered. See 18 USC 3664(b). The Probation Officer never informed the Appellant of this information. See 18 USC 3664(b). There is no affidavit of the victim.

The Sentencing Court has never disputed the fact that the government attorneys were not properly before the Sentencing Court. Therefore, they were not the proper Plaint iffs bringing a claim for the United States. There is no factual evidence to support their calims as Assistant U.S. Attorneys. See 28 USC 2072(a) and Crim. Rule 26.2(b). The indictment was defective the minute those civilians, non attorneys signed it. Attorneys Jessica D. Aber and Gabrielle M. Michalak are the non attorneys for the United States.

Appellant's appeals attorney, Alex F. Kochanwski would not release the court transcript to Appellant. Therefore, Appellant has to submit the lower court's judgment without the transcript. See 9(a).

Appellant's appeals attorney has not proven on the court record that he is in fact an attorney. He has not filed his oath of office, letter of appointment and liability insurance. Kochanowski has NOT proven that he is NOT committing fraud on the Fourth Circuit Court of Appeals. See 18 USC 912. The Sentencing Court gave Appellant's vital data to Kochanowski who is not an attorney according to court records and is connected to H. Wesley Robinson and National Legal Professional Associates who have been sanctioned by the court. See UNITED STATES OF AMERICA vs. WILLARD JOHNSON, DEFENDANT, H. WESLEY ROBINSON AND NATIONAL LEGAL PROFESSIONAL ASSOCIATES, 327 F. 3d 554 (7TH Cir. April 24, 2003). Appellant is not the only victim of Kochanowski, Robinson and NLPA. There is an inmate here at Seagoville Texas FCI, who is another victim of Kochanowski and his

2

crew. Kochanowski has complained to Appellant that the Appellant blames everyone for his problems when the Appellant attempts to receive Kochanowski's oath, letter of appointment and liability insurance. But court records show he is not an attorney but a scam artist stealing victims' money with NLPA. He should be lock-up just with H. Wesley Robson and NLPA should be  sued for MILLIONS and then shut down.

The Sentencing Court never had  jurisdiction once Jessica D. Aber and Gabielle M. Michalak invaded the jury room during the indictment process and when they signed the indictment as civilians. They were not U.S. Attorneys under Jeff Sessions.

<u>WHY THIS WRIT SHOULD BE GRANTED</u>

1) The Sentencing Court never had subject matter jurisdiction. See Crim. Rule 34(a).

2) The Prosecuting attorneys were not properly before the court. See 18 USC 912.

3) There is no verified victim seeking relief from the Sentencing Court. No Injury In-fact has been verified in the court records.

4) The defense attorneys, Joseph S. Camden and Mary E. McGuire were not properly before the court.

5) Appeals counsel have not proven he is authorized to practice in the Fourth Circuit Court of Appeals.

6) Kochanowski's law firm is unauthorized to practice law. They have not proven that they can do business in their home  States of Ohio.

7) The government attorneys have not proven that they are authorized to hold office under U.S. Attorney Jeff Session.

<u>CONCLUSION</u>

Wherefore, Shapat Nabaya, Defendant/Appellant, America Citizen, Pro se, <u>PRAYS</u> that this Honorable Court <u>GRANTS</u> Appellant's  writ to arrest judgment puruant to Crim. Rule 9(a)(1)(2)(3), 34(a)(1)(2) and 52(b), and 28 USC 2072(a).

Shapat Nabaya
Reg. No. 90804083
FCI Seagoville
P.O. Box 9000
Seagoville, Tx 75159

3

<u>CERTIFICATE OF SERVICE</u>

I, Shapat Nabaya do certify that a copy of a "WRIT TO ARREST JUDGMENT

PURSUANT TO CRIM RULE 9(a)(1)(2)(3), 34(a), 52(b), and 28 USC 2072(a), was mailed to:

U.S. COURT OF APPEALS
1100 East Main Street Suite 501
Richmond, Va. 23219
Cert.Mail # 7014 2870 0002 3259 7399

Alex F. Kochanaowski
  Attorney at Law
6302 Kincaid Rd
Cincinati, Oh 45213
Regular mail

U.S. Attorney's Office
919 East Main Street Suite 1800
Richmond, Va. 23219
~~Regular mail~~ *CERT. MAIL #*
*7017 3380 0000 7346 0841*

*Shapat Nabaya*
Shapat Nabaya
Reg. No. 90804083
FCI Seagoville
P.O. Box 9000
Seagoville, Tx 75159
Jan. 9, 2019

STATEMENT OF AFFIRMATION

I, Shapat Nabaya, do affirm that my "WRIT OF ARREST OF JUDGMENT" is true and correct

to the best of my belief and understanding under penalty of perjury.

Shapat Nabaya
Jan. 9, 2019

## AFFIDAVIT OF SERVICE

I, Shapat Nabaya do affirm that I, have mailed the "WRIT TO ARREST JUDGMENT" to:

U.S. COURT OF APPEALS
1100 East Main Street Suite 501
Richmond, Va. 23219
Cert. Mail # 7014 2870 0002 3259 7399

Alex F. Kochanowski
  Attorney at Law
6303 Kincaid Rd
Cincinnati, Oh 45213

U.S. Attorney's Office
919 East Main Street Suite 1800
Richmond, Va. 23219
~~Regular mail~~ CERT MAIL #
7017 3380 0000 7346 0841

Shapat Nabaya
Reg. No. 90804083
P.O. Box 9000
FCI Seagoville
Seagoville, Tx 75159
Jan. 9, 2019

Cc: United States Supreme Court

TRUE AND CORRECT TO THE BEST OF MY UNDERSTANDING
AND BELIEF UNDER PENALTY OF PERJURY.

Shapat Nabaya

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA,
          Plaintiff,

          vs.                                        Case No. 3:17cr0003

SHAPAT AHDAWAN NABAYA,
          Defendant.

## MOTION FOR COMPASSIONATE RELEASE PURSUANT TO THE FIRST STEP ACT

### SECTION 504(b((1)(B)

Comes now Shapat Nabaya, Defendant, American Citizen, Pro se, to move
this Honorable Court to GRANT his motion for compassionate release pursuant to the
First Step Act, Section 504 (b)(1)(B). Defendant meets the extraordinary circumstances.

### FACTS

1) Defendant has not receive in writing or an oral recording that the Sentencing Court
had subject matter jurisdiction.

2) There is no proof of an injury in-fact suffered by any victims in order for the
Sentencing Court to have subject matter jurisdiction.

3) The defective indictment has not be challenged by the prosecution.

4) The Motion 29 has not been ruled on within 7 days of the verdict.

5) Defendant has filed a Motion to Arrest The Judgment.

### ARGUMENT

Other then the Defendant not having violence or sex offenses in his
record, and being over 60 years of age, The Sentencing Court never proved on the
record or orally it had subject matter jurisdiction. The Defendant has filed affidavits
to try to obtain the information of the victim to know what his loses and injuries
were. However, those affidavits were never rebutted. The indictment charged the
Defendant with fraud and harassement but argued that the Defendant does not want to
pay his taxes. The Prosecutions indictment never provided the law that showed by the
Defendant not paying taxes how that connected to a victim's constitutional rights
being violated. The Plaintiff in this case never had standing to bring a claim.

1

Also,  the Sentencing Court never ruled on the Motion 29 within 7  days of the verdict. <u>See United States vs. Smith, 331 U.S 469, 473-474 (1947).</u> The Sentencing Court forfeited the power to act when it failed to fix a new time for filing a motion for new trial within 7 days of the verdict. <u>See United States vs. Marquez, 291 F. 3d 23, 27-28 (D.C. Cir. 2002).</u>

CONCLUSION

Wherefore, Shapat Nabaya, Defendant, American Citizen, Pro se, moves this Honorable Court to GRANT his motion for commpassionate release pursuant to the First Step Act Section 504(b)(1)(B) and dismiss the criminal case with prejudice for lack of subject matter jurisdiction.

Shapat Nabaya
Reg. No. 90804083
FCI Seagoville
P.O. Box 9000
Seagoville, Tx 75159

JAN. 15, 2019

<u>CERTIFICATE OF SERVICE</u>

I, Shapat Nabaya do certify that a copy of a "MOTION FOR COMPASSIONATE

RELEASE PURSUANT TO THE FIRST STEP ACT  SECTION 504(b)(1)(B) was mailed to:

U.S. District Court of Virginia        U.S. Attorney's Office
701 East Broad Street Suite 3000       919 East Main Street Suite 1800
Richmond, Va. 23219                     Richmond, Va. 23219

Shapat Nabaya
Reg. No. 90804083
P.O. Box 9000
Seagoville, Tx 75159

JAN 15, 2019

**U.S. Department of Justice**

Executive Office for United States Attorneys

---

Freedom of Information and Privacy Staff

*Suite 5.400, 3CON Building*
*175 N Street, NE*
*Washington, DC 20530*

*(202) 252-6020*
*FAX (202) 252-6048*

August 22, 2018

Shapat Nabaya
#90804-083
FCI Seagoville
P.O. Box 9000
Seagoville, TX 75159

Re: Request Number: FOIA-2018-005103 Date of Receipt: August 3, 2018
Subject of Request:  AUSA Oaths (Lynch/Boente/Aber/Michalak)-EOUSA Personnel

Dear Requester:

Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys.

To provide you with the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 CFR § 16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a [ x ] partial denial. [No records for Lynch/Boente former employees records no longer available.]

Enclosed please find:
   0   page(s) are being released in full (RIF)
   5   page(s) are being released in part (RIP);
   0   page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

(b)(6)

EXHIBIT A



**U.S. Department of Justice**

*United States Attorney's Office*

*Eastern District of Virginia*

---

*Dana J. Boente*
*United States Attorney*

*2100 Jamieson Avenue*          *(703)299-3700*
*Alexandria, Virginia 22314*     *Fax: 703-549-5202*

September 26, 2016

Gabrielle M. Michalak

*b6*  THIS IS NOT A LETTER OF APPOINTMENT.

Dear Gabrielle:

Congratulations, you have been *tentatively* selected for the position of Assistant U.S. Attorney in the U.S. Attorney's Office, Eastern District of Virginia in the Criminal Division in Richmond. The salary for the position is tentatively set at AD-23, $79,397 annually which includes locality pay.

A final offer of employment is contingent upon the successful completion of the pre-employment process and is subject to budgetary limitations. The pre-employment process includes, among other things, the review and approval of your completed security form, drug testing, fingerprinting, a tax check waiver and a credit check. The final offer is made by the Office of Attorney Recruitment and Management (OARM). You will be notified via letter from the Office of Attorney Recruitment and Management when the pre-employment process is completed and a final decision is rendered. Therefore, if you are currently employed, you should not quit your current position, move, sell your home or make any other significant life changes until you receive notification of approval for the temporary appointment by the OARM.

Within the next week or so, you will be contacted by Robert Zehmer, Resources Management Officer, with instructions for completing the appropriate paperwork to begin the pre-employment process. The time it takes for review and approval of your forms depends heavily on your timely completion of the required paperwork and any potential issues that may be revealed in your paperwork.

In the meantime, if you have any questions or concerns, please feel free to contact me at

*b6*  or  *b6*

Sincerely,

Dana J. Boente
U.S. Attorney

# APPOINTMENT AFFIDAVITS

Assistant United States Attorney
*(Position to which Appointed)*

November 8, 2009
*(Date Appointed)*

U.S. Department of Justice
*(Department or Agency)*

U.S. Attorney's Office
*(Bureau or Division)*

Richmond, Virginia
*(Place of Employment)*

I, Jessica A. Brumberg _____, do solemnly swear **(or affirm) that—**

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, **foreign and domestic;** that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO THE PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any **consideration** for or in expectation or hope of receiving assistance in securing this appointment.

_____
(Signature of Appointee)

Subscribed and sworn (or affirmed) before me this 25th day of November _____, 2009

at Richmond _____     Virginia _____
    *(City)*     *(State)*

(SEAL)

_____
(Signature of Officer)

Commission expires 11/30/2009
*(If by a Notary Public, the date of his/her Commission should be shown)*

Notary Public (Commission No. 224950)
*(Title)*

Note - If the appointee objects to the form of the oath on religious grounds, certain modifications may be permitted pursuant to the Religious Freedom Restoration Act. Please contact your agency's legal counsel for advice.

U.S. Office of Personnel Management
The Guide to Processing Personnel Actions

NSN 7540-00-634-4015

Standard Form 61
Revised August 2002
Previous editions not usable

EXHIBIT A

# APPOINTMENT AFFIDAVITS

Assistant United States Attorney
*(Position to which Appointed)*

11/21/2016
*(Date Appointed)*

U.S. Department of Justice
*(Department or Agency)*

U.S. Attorney's Office
*(Bureau or Division)*

Richmond, VA
*(Place of Employment)*

I, Gabrielle M. Michalak _____, do solemnly swear (or affirm) that--

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter.  So help me God.

## B.  AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C.  AFFIDAVIT AS TO THE PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

b6

*(Signature of Appointee)*

Subscribed and sworn (or affirmed) before me this 21st day of November , 2016

at Richmond _____  Virginia _____
        *(City)*                                    *(State)*

b6

*(Signature of Officer)*

(SEAL)

Commission expires_____
*(If by a Notary Public, the date of his/her Commission should be shown)*

Resources Management Officer
*(Title)*

Note - If the appointee objects to the form of the oath on religious grounds, certain modifications may be permitted pursuant to the Religious Freedom Restoration Act. Please contact your agency's legal counsel for advice.

U.S. Office of Personnel Management
The Guide to Processing Personnel Actions

NSN 7540-00-634-4015

Standard Form 61
Revised August 2002
Previous editions not usable

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA,
        Plaintiff,
    vs.                                            Case No. 3:17cr003
SHAPAT AHDAWAN NABAYA,
        Defendant.

### INJURY   IN-FACT AFFIDAVIT PURSUANT TO VIOLATIONS OF THE FIRST STEP ACT SEC  504 (b)(1)(B) U.S. SENTENCING GUIDELINES SEC 3664(a).

I, Shapat Nabaya, have suffered repeated violations of the Fifth Amendment to be free from an unconstitutional incarceration. The Probation Dept. have a personal connection to my pain and suffering. I have raised the issue of the defective Pre-Sentencing Report before I was commanded  to the Bureau of Prisons. I have raised the fact that there was no statement of offense or injury in-fact filed against me. I never signed the PSR against the pressure of my trial attorney, William Dinkin. Dinkin contacted my wife and daughters and told them that the judge would go light on me at sentencing time if I signed the PSR. The Probation Dept. violated my rights when they did not inform me of who the  victim was in my case. The Probation Dept. had an obligation to inform me  and the Prosecution  as to who the victim was. If the Probation Dept. did not have a victim they had a duty to inform the court. See U.S. Sentencing Guidelines Sec. 3664(a). Such an act does qualify for compassionate release, under EXTRAORDINARY  CONDITIONS.

While in illegal custody of the BOP, I inform the staff there that I was being detained unlawfully. I informed BOP staff that I never pled in-nocent or  guilty because I never received verification of the victim's in-juries and losses. I told the BOP staff to check the PSR to verify my state-ment, and when she did, she quickly closed the file and moved on to another subject.

So the fact can not be disputed that the Probation Dept. and BOP have personal connections  to my pain, suffering, mental stress, deprivation of my freedom and disability benefits. No injury in-fact was filed against me,  so

1

the Probation Dept. and BOP violated my Fifth Amendment right. In their system I was denied Procedural Due Process. They have constitutional obligations to protect the public. At present the First Step Act has been passed and the BOP has not met it's obligation in releasing me. See First Step Act 504 (b)(1)(B).

## STATEMENT OF AFFIRMATION

I, Shapat Nabaya, do affirm that this injury in-fact is true and correct to the best of my belief and understanding under the penalty of perjury.

Shapat Nabaya
Jan. 14, 2019

## CERTIFICATE OF SERVICE

I, Shapat Nabaya, do certify that a copy of the INJURY IN FACT AFFIDAVIT was mailed to:

U.S. District Court of Virginia
701 East Broad Street, Suite 3000
Richmond, Va. 23219

U.S. Attorney's Office
919 East Main Street, Suite 1800
Richmond, Va. 23219

Shapat Nabaya
Reg. No. 90804083
FCI Seagoville
P.O. Box 9000
Seagoville, Tx 75159

JAN. 15, 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA,
        Plaintiff,

vs.                                    Case No. 3:17cr003

SHAPAT AHDAWAN NABAYA,
        Defendant.

### ADDENDUM TO MOTION TO ARREST JUDGMENT PURSUANT TO 18 USC 912, CRIM. RULE 52 (b).

Comes now Shapat Nabaya, Defendant, American Citizen, Pro se, to move this Honorable Court to GRANT his motion to arrest the judgment pursuant to 18 USC 912 and Crim. Rule 52 (b).

### FACTS

1) Jessica D. Aber and Gabrielle M. Michalak have not contested that they have committed fraud on the court. See Exhibits A of defective oaths.

2) When the indictment was signed by Aber and Michalak it was defective.

### ARGUMENT

Appellant has provided this court whith a copy of the oaths of the non attorneys, Jessica D. Aber and Gabrielle M. Michalak to demonstrate that the Plaintiff, United States of America never had standing to bring a claim. See U.S. Constitution Article III Sec. 2. The Plaintiff didn't bring a case nor controversy. The oaths of office provided by the Department of Justice FOIA division, shows that said oaths were willfuly defective. Therefore, Aber and Michalak deliberately violated the law. They are not officers of the court. See 18 USC 912. The defective oaths proves that. See Exhibits. They have willfuly discriminated against the Defendant because he is disabled. They have violated the Americans with Disability Act. Defendant was profiled, hunted and falsely arrested on a defective warrant, indictment and no INJURY IN FACT from the victim.  Defendant was denied Procedurual Due Process. Said errors

1

were harmful and structual. See Criminal Rule 52 (b).  The Plaintiff violated the Defendant's right to a fair indictment when they signed the indictment knowing that they were not properly before the court. They had no standing to bring a claim while committed fraud on the court  and abusing the judicial process.

### CONCLUSION

   Wherefore, Shapat Nabaya, Defendant, American Citizen, Pro se, PRAYS that this Hounorable Court will GRANT his addendum motion to arrest the judgment pusuant to 18 USC 912 and Criminal Rule 52 (b).

Shapat Nabaya
Reg. No. 90804083
FCI Seagoville
P.O. Box 9000
Seagoville, Tx 75159

JAN. 15, 2019



Name SHAPAT NABAYA
Reg. No. 90804083
FEDERAL CORRECTIONAL INSTITUTION
P.O. Box 9000
Seagoville, TX 75159-9000

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE
**CERTIFIED MAIL**

7017 3380 0000 7346 2609

⇔ 90804-083 ⇔
Us Distric Us District Court
1100 Commerce ST
1100 Commerce Street
Dallas, TX 75242
United States

LEGAL MAIL

RECEIVED
JAN 28 2019

RECEIVED JAN 24 2019