IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAPAT NABAYA, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:19-CV-215-L** |
| | § | |
| WARDEN M. UNDERWOOD, | § | |
| | § | |
| Respondent. | § | |

# ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 25) was entered on October 29, 2019. The Report notes that Petitioner initially filed this action against persons providing dental care to persons, but subsequently inserted in this action a habeas corpus petition under 28 U.S.C. § 2241. The Report addresses only Petitioner's habeas claims and recommends that the court "dismiss the 28 U.S.C. § 2241 petition [Dkt. Nos. 21-24] for lack of jurisdiction and direct the Clerk of the Court to open for statistical purposes a new Section 2241 case (nature of suit 530 directly assigned, per Special Order 3-250, to Judge Lindsay and to the undersigned) and to close the same on the basis of any order accepting or adopting these findings, conclusions, and recommendation." Report 1, 5.

After issuance of the Report, Petitioner filed two documents (Docs. 26, 27). The court construes both of these documents as objections to the Report. In his Objections, Defendant discusses and reasserts the arguments made by him and the court's rulings in another case and contends that he is being detained in violations of his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution and Federal Rules of Criminal Procedure 12(A)(iii) and 12(b)(v).

**Order – Page 1**

Having considered the habeas petition, file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, **accepts** them as those of the court; and **overrules** Petitioner's objections to the Report. Accordingly, the court **dismisses without prejudice** Petitioner's habeas claims under section 2241 for lack of jurisdiction. The court also **directs** the Clerk of the Court to open, for statistical purposes, a new section 2241 case (nature of suit 530 directly assigned, per Special Order 3-250, to Judge Lindsay and Magistrate Judge Horan); docket Petitioner's habeas petition (Docs. 21-24), the Report (Doc. 25), Petitioner's objections to the Report (Docs. 26, 27), and a copy of this order and corresponding judgment; and close the new action in light of this order and corresponding judgment accepting the findings and conclusions of the magistrate judge. As noted in the Report, the court's resolution of the habeas claim(s) asserted by Petitioner does not affect his nonhabeas claims in this action, which are **recommitted** to the magistrate judge for further proceedings.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

    **(a)**     **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

    **(b)**     **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the Report. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 27th day of November, 2019.

Sam A. Lindsay
United States District Judge