IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAPAT NABAYA<br>(BOP Register No. 90804-083), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:19-cv-215-L-BN |
| WARDEN M. UNDERWOOD, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Shapat Nabaya, also known as Norman Abbott, an inmate at a federal facility in this district, filed this *pro se* action against persons providing dental care to prisoners. *See, e.g.,* Dkt. Nos. 7 & 17. His case was then referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. And Nabaya subsequently filed, in this pending action, a petition for writ of habeas corpus under 28 U.S.C. § 2241, *see* Dkt. Nos. 21-24, raising claims based on alleged Speedy Trial and Sixth Amendment violations and asserting that the sentencing court lacked subject matter jurisdiction, *see, e.g.,* Dkt. No. 21 at 5-6.

On November 27, 2019, over Nabaya's objections, *see* Dkt. No. 27, the Court accepted the undersigned's recommendation, *see* Dkt. No. 25, and dismissed the habeas claims for lack of jurisdiction, *see* Dkt. Nos. 28, & 29.

Nabya now moves for reconsideration. *See* Dkt. No. 30.

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under [Federal Rule of Civil Procedure] 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under [Federal Rule of Civil Procedure] 60(b). The rule under which the motion is considered is based on when the motion was filed." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) (citing *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003)). If, like here, "the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59." *Id.*; *see also Hanna v. Maxwell*, 548 F. App'x 192, 195 (5th Cir. 2013) (per curiam) ("Hanna's pleadings at the district court were not models of precision, but we construe them liberally because he is proceeding *pro se*. However Hanna labeled his motion, it clearly evinced a desire for the court to reconsider its judgment, and it was filed within the 28-day time limit for filing Rule 59(e) motions." (citations omitted)).

> Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A motion under Rule 59 cannot be used to raise arguments or claims "that could, and should, have been made before the judgment issued." *Marseilles Homeowners Condo. Ass'n v. Fidelity Nat. Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008).

*Demahy*, 702 F.3d at 182 (footnote omitted).

Thus, "[i]n school yard parlance," a motion for reconsideration is not "a request for a 'do over.'" *Green v. City of New York*, No. 05-cv-0429 (DLI)(ETB), 2006 WL

2516468, at *2 (E.D.N.Y. Aug. 29, 2006); *see also Deerskin Trading Post, Inc. v. United Parcel Serv. of Am., Inc.*, 972 F. Supp. 665, 674 (N.D. Ga. 1997) ("[A] motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court could have done it better the first time." (citation and internal quotation marks omitted)).

There has been no intervening change in controlling law. And Nabaya presents no previously-unavailable newly-discovered evidence. So the Court should consider whether the dismissal of the habeas claims for lack of jurisdiction should be amended to correct a manifest error of law.

The Court should reject such an argument. Nabaya fails to show that the Court erred in dismissing habeas claims attacking an underlying criminal judgment entered by the Eastern District of Virginia where he has failed to show "that the remedy provided under [28 U.S.C.] § 2255 is inadequate or ineffective to test the legality of his detention" under that judgment. *Robinson v. United States*, 812 F.3d 476, 477 (5th Cir. 2016) (per curiam) (citing *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); 28 U.S.C. § 2255(e)).

Nabaya has therefore not shown that the Court's decision to dismiss the habeas claims should be amended to correct a manifest error of law, and his construed request for relied under Rule 59(e) should be denied.

### Recommendation

The Court should deny Plaintiff Shapat Nabaya's motion to reconsider its dismissal of his 28 U.S.C. § 2241 habeas claims for lack of jurisdiction [Dkt. No. 30].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 16, 2019

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-4-