IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SHAPAT NABAYA,                        §
BOP Register No. 90804-083,           §
                                      §
            Plaintiff,                §
                                      §
V.                                    §          No. 3:19-cv-215-L-BN
                                      §
BUREAU OF PRISONS, ET AL.,            §
                                      §
            Defendants.               §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Shapat Nabaya, also known as Norman Abbott, a federal prisoner incarcerated at FCI Seagoville, filed a *pro se* action against the Federal Bureau of Prisons ("BOP") and a dentist and dental assistant employed by BOP, alleging that dental care that he received amounted to deliberate indifference in violation of the Eighth Amendment. *See* Dkt. Nos. 3 & 17. The Court has referred this lawsuit to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. And the undersigned enters these findings of fact, conclusions of law, and recommendation that, because Nabaya has already been allowed leave to amend his allegations, the Court should dismiss his claims with prejudice.

**Applicable Background**

Through his complaint [Dkt. No. 3], as amended by his verified responses to the Court's screening questionnaire [Dkt. No. 17], Nabaya alleges that a BOP dentist "caused [him] pain and suffering by denying [him] proper dental care" when "[h]e

refused to use the numbing solution before using a big needle to remove a tooth" and by "expos[ing Nabaya] twice to x-rays in order to see [his] dental condition," Dkt. No. 17 at 2 (further alleging that he "waited over a year to see a dentist"). Nabaya also alleges that the BOP dental assistant "caused [him] injury by sawing down on [his] gums with dental floss" three times. *Id.* at 4 (further alleging that he informed the dental assistant that he had sensitive gums and that BOP does not sell dental floss, to allow Nabaya the ability to floss on his own).

And he asserts that the BOP violated the Eighth Amendment through its "discriminatory practices of periodontal care, denial of medical furloughs, ineffective floss picks (no dental floss), and unprofessional staff." *Id.* at 6.

Nabaya fails to identify a specific physical injury that he sustained as a result of the events he alleges. *See id.* at 8. Nonetheless, he seeks more than $6 million in damages. *See* Dkt. No. 3 at 6.

## Legal Standards

Under the Prison Litigation Reform Act ("PLRA"), where a prisoner – whether he is incarcerated or detained pending trial – seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

The fails-to-state-a-claim language of this statute (as well as its sister statute, Section 1915(e)(2)(B)) "tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing, in turn, *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984))), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177 (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); citation omitted). The United States Court of Appeals for Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (quoting, in turn, *Carroll*, 470 F.3d at 1177); internal quotation marks and brackets omitted). These findings, conclusions, and recommendations provides notice, and the period for filing objections to them affords an opportunity to respond. *See, e.g., Starrett*, 2018 WL 6069969, at *2 (citations omitted)).

Dismissal for failure to state a claim under either Section 1915A(b)(1), Section 1915(e)(2)(B)(ii), or Rule 12(b)(6) "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015)

(per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as neither the PLRA, the IFP statute, nor the Federal Rules of Civil Procedure "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11. Instead, plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). But leave to amend is not required where an amendment would be futile, *i.e.,* "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion," *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir.

2014)), or where a plaintiff has already amended his claims, *see Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a *pro se* litigant to develop the factual basis for his complaint." (citation omitted)).

## Analysis

Because Nabaya requests monetary damages based on the deliberate indifference claims he asserts under the Eighth Amendment against the BOP and two of its employees, this action is fairly interpreted as raising claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which affords a cause of action against federal actors that mirrors but is not "'the substantial equivalent of 42 U.S.C. § 1983,'" applicable to state actors. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017) (citation omitted).

The Court should first dismiss the claims against the BOP. While Nabaya "may bring a *Bivens* action against individual [federal employees] for [an] alleged constitutional violation, but he may not bring an action against the United States, the BOP, or BOP [employees] in their official capacities as such claims are barred by the doctrine of sovereign immunity." *Gibson v. Fed. Bureau of Prisons*, 121 F. App'x 549, 551 (5th Cir. 2004) (per curiam) (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001); *Hafer v. Melo*, 502 U.S. 21, 25 (1991)); *see also Multi Denominational Ministry of Cannabis & Rastafari, Inc. v. Gonzales*, 474 F. Supp. 2d 1133, 1141 (N.D. Cal. 2007) ("A *Bivens* action does not lie against federal agencies or the United States,

which possess sovereign immunity; such actions may be brought only against named federal officers or agents in their personal capacity." (citing *FDIC v. Meyer*, 510 U.S. 471, 483-86 (1994))).

Next, as to the individual defendants, the United States Supreme Court recently reiterated that *Bivens*, unlike Section 1983, is not a Congressional statute that "entitles an injured person to money damages if a state official violates his or her constitutional rights." *Abbasi*, 137 S. Ct. at 1854 ("Congress did not create an analogous statute for federal officials. Indeed, in the 100 years leading up to *Bivens*, Congress did not provide a specific damages remedy for plaintiffs whose constitutional rights were violated by agents of the Federal Government.").

And the Supreme Court "has approved of an implied damages remedy under the Constitution itself" only three times – in *Bivens*, to enforce "a damages remedy to compensate persons injured by federal officers who violated the prohibition against unreasonable search and seizures" in violation of the Fourth Amendment; in *Davis v. Passman*, 442 U.S. 228 (1979), holding "that the Fifth Amendment Due Process Clause gave [a Congressman's administrative assistant] a damages remedy for gender discrimination"; and in *Carlson v. Green*, 446 U.S. 14 (1980), holding "that the Eighth Amendment Cruel and Unusual Punishments Clause gave [a prisoner] a damages remedy for failure to provide adequate medical treatment." *Abbasi*, 137 S. Ct. at 1854-55.

In *Abbasi*, the Supreme Court further "stressed that any extension of *Bivens* to new factual scenarios is now a '"disfavored" judicial activity.'" *Maria S. ex rel. EHF*

*v. Garza*, 912 F.3d 778, 783 (5th Cir. 2019) (quoting *Abbasi*, 137 S. Ct. at 1857 (quoting, in turn, *Iqbal*, 556 U.S. at 675)); *see also Oliva v. Nivar*, ___ F.3d ____, No. 19-50795, 2020 WL 5227472, at *2 (5th Cir. Sept. 2, 2020) ("*Bivens* was the product of an '*ancien regime*' that freely implied rights of action. That regime ended long ago. Today, *Bivens* claims generally are limited to the circumstances of the Supreme Court's trilogy of cases in this area …." (citations omitted)).

Simply because *Carlson* extended *Bivens* to allow an Eighth Amendment claim by a federal prisoner in that context, does not mean that Nabaya may rely on *Carlson* in this context. *See, e.g.*, *Gonzalez v. Hasty*, 269 F. Supp. 3d 45, 64 (E.D.N.Y. 2017) ("Although the Supreme Court recognized a *Bivens* remedy under the Eighth Amendment in *Carlson*, this does not mean all Eighth Amendment claims have a *Bivens* remedy." (citing *Abbasi*, 137 S. Ct. at 1864 ("[E]ven a modest extension is still an extension."); *Hernandez v. United States*, 757 F.3d 249, 272 (5th Cir. 2014) ("Instead of an amendment-by-amendment ratification of *Bivens* actions, we are bound to examine each new context – that is, each new 'potentially recurring scenario that has similar legal and factual components.'" (citation omitted)); *Wilson v. Libby*, 498 F. Supp. 2d 74, 86 (D.D.C. 2007) ("*Bivens* actions are not recognized Amendment by Amendment in a wholesale fashion. Rather, they are context-specific."))).

So the Court should consider the "two part inquiry for determining whether to allow a *Bivens* cause of action: (1) whether the instant case involves a 'new context' that is distinct from prior *Bivens* cases and (2) whether any 'special factors' preclude extending *Bivens* to this 'new context.'" *Maria S.*, 912 F.3d at 784 (quoting *Hernandez*

*v. Mesa*, 885 F.3d 811, 816-18 (5th Cir. 2018) (en banc)); *accord Oliva*, 2020 WL

5227472, at *2 ("Courts confronting *Bivens* claims generally 'must ask two questions.

First, do [the plaintiff's] claims fall into one of the three existing *Bivens* actions?

Second, if not, should we recognize a new *Bivens* action here?'" (quoting *Cantú v.

Moody*, 933 F.3d 414, 422 (5th Cir. 2019))).

> "The proper test for determining whether a case presents a new
> *Bivens* context is" whether it is "different in a meaningful way
> from previous *Bivens* cases decided by" the Supreme Court. *Ziglar*, 137 S. Ct.
> at 1859. A meaningful difference may include the Constitutional right
> at issue, the statutory or other legal mandate under which the officer
> was operating, or the presence of potential special factors that previous
> *Bivens* cases did not consider. *Id.* at 1860. "[E]ven a modest extension is
> still an extension." *Id.* at 1864.

*Canada v. United States*, 950 F.3d 299, 307 (5th Cir. 2020) (In sum, "the proper test

is whether the case differs in a meaningful way from *Bivens*, *Davis*, or *Carlson*."

(citing *Abbasi*, 137 S. Ct. at 1859; *Loumiet v. United States*, 948 F.3d 376, 381-82

(D.C. Cir. 2020))).

This case meaningfully differs from *Carlson*, in which "the Supreme Court held

that the Eighth Amendment gave a prisoner's estate a monetary remedy because the

federal jailers caused the prisoner's death by failing to treat his asthma." *Gonzalez*,

269 F. Supp. 3d at 64. "Here, the deprivations, if one can even call them that, are

vastly less serious." *Id.* Specifically, the facts underlying Nabaya's claims, set out

above, demonstrate that he has failed to identify a specific physical injury and, at

most, has alleged a claim of negligence that lacks enough facts to show (or from which

it may be inferred) that the individual defendants acted with deliberate indifference

such as to cause the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*,

429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (joint opinion of Stewart, Powell, and Stevens, JJ.)); *see Alvarez v. City of Brownsville*, 904 F.3d 382, 391 (5th Cir. 2018) (en banc) ("Deliberate indifference is a degree of culpability beyond mere negligence or even gross negligence; it must amount to an intentional choice, not merely an unintentionally negligent oversight." (quoting *James v. Harris Cnty.*, 577 F.3d 612, 617-18 (5th Cir. 2009) (quoting, in turn, *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 392 (5th Cir. 1992)))). So, at least here, "the lack of merit to the medical claims and whether to find a remedy merge to weigh against the creation of a *Bivens* remedy." *Gonzalez*, 269 F. Supp. 3d at 65.[1]

And the administration of the federal prison system qualifies as a special factor that should prevent the Court's creating an implied cause of action under *Bivens* for the contexts presented by this case. *See Petzold*, 946 F.3d at 248 n.2 ("[W]e are unlikely to imply a *Bivens* remedy for this new context as 'special factors' counsel hesitation in federal prison administration." (citing *Abbasi*, 137 S. Ct. at 1857-58

---

[1] *See also Petzold v. Rostollan*, 946 F.3d 242, 248 n.2 (5th Cir. 2019) ("[I]f we were to address whether *Bivens* extends to this context in light of *Abbasi*, Petzold's deliberate-indifference claims based on denied medical treatment are likely a 'new [*Bivens*] context' because they 'differ in a meaningful way' from existing *Bivens* claims. *Abbasi*, 137 S. Ct. at 1856-58, 1865 ('Given [the] Court's expressed caution about extending the *Bivens* remedy ... the new-context inquiry is easily satisfied.'); *Cantú*, 933 F.3d at 422 ('What if a plaintiff asserts a violation of the same clause of the same amendment in the same way? That still doesn't cut it.'). Here, the federal officers involved were low-level, the specific actions distinct, and the alternative remedial process robust. *Abbasi*, 137 S. Ct. at 1859 ('A case might differ in a meaningful way because of [1] the rank of the officers involved ... [3] the generality or specificity of the official action; ... [7] the presence of potential special factors that previous *Bivens* cases did not consider.'); *cf. Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018) (assuming a *Bivens* remedy for a deliberate-indifference claim based on high-level prison officials failing to heed doctor's orders).") (citation modified)).

("[T]he [special factors] inquiry [ ] concentrate[s] on whether the Judiciary is well suited ... [to] weigh the costs and benefits of allowing a damages action ....")));

*Callahan v. Fed. Bureau of Prisons*, 965 F.3d 520, 524 (6th Cir. 2020) ("'[L]egislative action suggesting that Congress does not want a damages remedy' counsels against judicial do-it-yourself projects. Congress paid close attention to inmate constitutional claims when it enacted the [PLRA]. The Act 'does not provide for a standalone damages remedy against federal jailers.'" (quoting *Abbasi*, 137 S. Ct. at 1865; citations omitted)).[2]

For these reasons, Nabaya's claims against the individual BOP employees should be dismissed with prejudice.

## Recommendation

The Court should dismiss Plaintiff Shapat Nabaya's complaint as amended with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

---

[2] *See also Canada*, 950 F.3d at 309 ("'[A] *Bivens* remedy will not be available if there are "special factors counselling hesitation in the absence of affirmative action by Congress."' *Ziglar*, 137 S. Ct. at 1857 (quoting *Carlson*, 446 U.S. at 18). A special factor is a sound reason to think Congress might doubt the efficacy or necessity of a damages remedy as part of the system for enforcing the law and correcting a wrong. *Id.* at 1858. The court's focus is on maintaining the separation of powers: 'separation-of-powers principles are or should be center to the analysis.' *Hernandez*, 885 F.3d at 818 (quoting *Ziglar*, 137 S. Ct. at 1857). The only relevant threshold – that a factor 'counsels hesitation' – is remarkably low. *See id.* at 822. If any special factors do exist, then '"courts must refrain from creating"' an implied cause of action in that case. *Maria S.*, 912 F.3d at 784 (quoting *Ziglar*, 137 S. Ct. at 1858)." (footnote omitted)).

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 7, 2020

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE