IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAPAT NABAYA, | § | |
| BOP Register No. 90804-083, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-215-L-BN |
| | § | |
| BUREAU OF PRISONS, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Shapat Nabaya, also known as Norman Abbott, a federal prisoner incarcerated at FCI Seagoville, filed a *pro se* action against the Federal Bureau of Prisons (BOP) and a dentist and dental assistant employed by the BOP, alleging that dental care that he received amounted to deliberate indifference in violation of the Eighth Amendment. *See* Dkt. Nos. 3 & 17. The Court has referred this lawsuit to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay.

The undersigned entered findings of fact and conclusions of law recommending that, under its duty to screen claims filed by incarcerated prisoners against government entities or employees and identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), the Court should dismiss Nabaya's amended claims with prejudice, because his claims are either barred by sovereign immunity or would require an unsupported expansion of

the remedy first recognized by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) [Dkt. No. 33].

Nabaya did not object. And the Court accepted the findings, conclusions, and recommendation and entered judgment dismissing this case with prejudice on November 30, 2020. *See Nabaya v. Bureau of Prisons*, No. 3:19-cv-215-L-BN, 2020 WL 7029909 (N.D. Tex. Oct. 7, 2020), *rec. accepted*, 2020 WL 7027470 (N.D. Tex. Nov. 30, 2020) [Dkt. Nos. 34 & 35].

Nabaya has now filed a Motion for Judgment on the Pleadings Pursuant to Rule 12(c) [Dkt. No. 36] (the Post-judgment Motion). And Judge Lindsay has referred the Post-judgment Motion to the undersigned to submit to the Court proposed findings and recommendations as to its disposition. *See* Dkt. No. 37.

Through the Post-judgment Motion, Nabaya insists that he has a right to receive and impeach evidence from the BOP and, lacking pleadings from the BOP, the Court was powerless to enter a final judgment and that he should now receive a judgment in his favor. *See* Dkt. No. 36 at 1-2 (concluding that "[t]his matter can not be adjudicated without the pleadings of the Respondents" and that "[t]his matter is not dismissed without all issues being resolved").

First, Federal Rule of Civil Procedure 12(c), which provides that, "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings," FED. R. CIV. P. 12(c), "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts,"

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam)). Such a motion is therefore "specifically designed to facilitate" an inquiry into "the interpretation and construction of the [law]" where "[t]he facts of the instant case are not in dispute." *Hebert Abstract*, 914 F.2d at 76 (citation omitted)).

So, contrary to Nabaya's belief, Rule 12(c) is not a means for him to obtain a judgment in his favor.

Nor would Federal Rule of Civil Procedure 55, pertaining to defaults, operate to provide Nabaya judgment here, as the Court did not order service of Nabaya's lawsuit, which he filed *in forma pauperis*. *See* Dkt. No. 15; *Staten v. City of Dallas*, No. 3:19-cv-843-L-BN, 2020 WL 1083605, at *2 (N.D. Tex. Mar. 6, 2020) ("Before the Clerk (or the Court) takes this first step to initiate the default process under Rule 55, a defendant must properly be served with a summons and the operative complaint." (citing *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999) ("[A] defendant can not make an appearance for purposes of Rule 55(b)(2) until after the plaintiff effects service and the defendant becomes susceptible to default."); citations omitted)).

But, because Nabaya appears to contest <u>how</u> the Court dismissed his lawsuit – *sua sponte*, prior to service on the defendants – through a motion filed within 28 days of judgment, the Court should construe his motion as made under Federal Rule of Civil Procedure 59(e), which may be used "to correct a manifest error of law or fact."

*Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012) (per curiam) (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); footnote omitted).[1]

Even so, Nabaya fails to show that there is a manifest error to correct.

First, he fails to show any error, much less a manifest error, as to the dismissal of his claims against the BOP as barred by sovereign immunity. *See Gibson v. Fed. Bureau of Prisons*, 121 F. App'x 549, 551 (5th Cir. 2004) (per curiam) (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001); *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).

And Nabaya has not shown how the Court erred by rejecting an expansion of the implied damages remedy under the Eighth Amendment recognized in *Carlson v. Green*, 446 U.S. 14 (1980), to the context of this case. *See Hernandez v. United States*, 757 F.3d 249, 272 (5th Cir. 2014) ("Instead of an amendment-by-amendment ratification of *Bivens* actions, we are bound to examine each new context – that is, each new 'potentially recurring scenario that has similar legal and factual

---

[1] *See, e.g., Copeland v. Ohio*, No. 5:07 CV 67, 2007 WL 2177897, at *2 (N.D. Ohio July 27, 2007) ("Regardless of whether the Motion is analyzed under Rule 59(e) or the significantly higher standards of Rule 60(b), Mr. Copeland fails to set forth any cognizable basis upon which relief should be granted. His Motion consists mainly of incoherent legal assertions and case citations which appear to have very little to do with the reasons for the dismissal of this case. At best, Mr. Copeland's Motion can be liberally construed as a challenge to this court's *sua sponte* dismissal of his case. District courts are required to dismiss an in forma pauperis action *sua sponte* under 28 U .S.C. § 1915(e), without prior notice to the plaintiff and without service of process on the defendant, if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. Mr. Copeland's action failed to state a claim upon which relief could be granted and was properly dismissed under § 1915(e)." (citation omitted)).

components.'" (citation omitted)); *Gonzalez v. Hasty*, 269 F. Supp. 3d 45, 64 (E.D.N.Y. 2017) ("Although the Supreme Court recognized a *Bivens* remedy under the Eighth Amendment in *Carlson*, this does not mean all Eighth Amendment claims have a *Bivens* remedy." (citing *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1864 (2017) ("[E]ven a modest extension is still an extension."); citations omitted)).

In sum, construing the Post-Judgment Motion as made under Rule 59(e), it should be denied.

## Recommendation

The Court should construe Plaintiff Shapat Nabaya's Motion for Judgment on the Pleadings Pursuant to Rule 12(c) [Dkt. No. 36] as made under Federal Rule of Civil Procedure 59(e) and deny it.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: December 14, 2020

                                            _____
                                            DAVID L. HORAN
                                            UNITED STATES MAGISTRATE JUDGE